[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR RECONSIDERATION
This court rendered its decision on the plaintiff's appeal on October 19, 1993, filed in the Judicial District of Middlesex at Middletown on October 22, 1993. On November 1, 1993, the court filed a corrected memorandum of decision to correct a typographical error in the first page of the original memorandum. The plaintiff has not appealed that decision, nor has she ever requested an extension of time in which to file an appeal. The time for filing an appeal, or for requesting an extension of time, expired, in accordance with the law, twenty days after the court's decision.
On December 15, 1993, the plaintiff filed a "Motion for Articulation, Reconsideration and Further Correction." She cites no legal authority for invoking the court's jurisdiction over this case other than a reference to a constitutional guarantee of "access to the courts" (in oral argument).
When the court rendered its decision dismissing the plaintiff's appeal, the plaintiff's only legal recourse was an appeal to the Appellate Court. Even if this court had jurisdiction to entertain a request to reconsider its decision, such jurisdiction expired on the final date for filing an appeal with the Appellate Court. To hold otherwise would be to deprive this court's decision of any finality.
General Statutes 52-212a permits the court, in its discretion, to open a civil judgment upon motion of a party made within four months after the filing of the judgment. Even if this statute were construed to apply to judgment's rendered in administrative appeals, the plaintiff's motion in this case would not justify opening the judgment. In essence, the motion requests this court to review and reverse its own decision. That would be an appropriate subject for an appeal to the Appellate Court, which is the tribunal established by our constitution to review the decisions of the Superior Court. But it does not provide a basis for this court to review its own final judgment.
For all of the above reasons, the plaintiff's motion denied. CT Page 1400
MALONEY, J.